FILED

APR 2 8 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                DEPUTY CLERK

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

UNITED STATES DISTRICT COURT
for the
Western District of Texas
Austin Division

Case No. 1:22CV00399 LY

*(to be filled in by the Clerk's Office)*

JOHN BERNARD WILLIAMS III, PRO SE

    Plaintiff- 1,

NATALIA LATHROP, PRO SE, ET AL

MIHAIL TOFAN, SPOUSE, PRO SE

    Plaintiff-2,

-v-

**Internal Revenue Service, (Brookhaven-Holtsville NY)**
**an Agency**

    *Defendant -1*

**B. Everding, an individual**
**Tax Examiner, Internal Revenue Service**

    *Defendant -2,*

**Elaine Custudio, An Individual, Manager,**
**Employee-Internal Revenue Service, a fiduciary**

    *Defendant – 3,*

**Paolo Raphael, an Individual, Manager,**
**Employee- Internal Revenue Service, a fiduciary**

    *Defendant – 4.*

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# REQUEST FOR INJUNCTION RELIEF

## REQUEST FOR JURY TRIAL

I. The Parties to This Complaint

    A.   Plaintiff - 1:     John Bernard Williams III, pro se

                                7918 Hatchmere Ct. Converse, Texas, 78109

                                210-430-1116 / EXPERTAXES2012@YAHOO.COM

        Plaintiff – 2:     Natalia Lathrop, et al (Mihail Tofan-Spouse)

                                8614 Monterey Fls, Boerne, Tx 78015 - 2106145

    B.   Defendant's will be addressed in some instances as [Defendants no. 1-4] when appropriate to establish the CLASS ACTION RELIEF.

        Defendant No. 1:     Department of The Treasury, Internal Revenue Service,

                                Brookhaven Branch, 1040 Waverly Ave,

                                Holtsville, NY 11742

                                (800) 829 - 1040

        Defendant No. 2:     B. Everding, individual, fiduciary, Tax Examiner, Manager, Brookhaven-Holtsville Division,

                                Department of the Treasury- Internal Revenue Service

                                An employee to a governmental agency.

                                ID # 1002190431, 1040 Waverly Avenue,

                                Holtsville, NY 11742

                                (866) 897-0161

        Defendant No. 3:     Elaine Custudio, individual, fiduciary, Tax Examiner, Manager, Austin Branch- Austin Division, Department of the Treasury- Internal Revenue Service, an employee of a Governmental Agency.

        Defendant No. 4:     Paolo Raphael, individual, fiduciary, Tax examiner, Department Manager, Department of the Treasury-Internal Revenue Service, an employee to a Governmental Agency.

Scanned with CamScanner

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## II. Basis for Jurisdiction

Title VII Civil Right Act 1964: Equal Employment Opportunity ; Title 42 Chapter 21 – Civil Rights; 42 U.S.C. 3605; 42 U.S.C. 2000e -Pregnancy Discrimination Act Title VII Civil Rights Act; Other Civil rights violations enjoined by IRS Third Party 26 USC 7609 and 26 U.S.C. 6671(a). **See CIC SVCS. LLC v. INTERNAL REVENUE SERVICE 590 U.S.____(2021).**

### A. If the Basis for Jurisdiction Is a Federal Question

(1) Can a Federal Agency divided by numerous segregated branches of enforcements of executive rules and codes *discriminate against a taxpayer and spouse for their racial ethnicity and profiling with punitive intent in nature improperly influence a party because of wartime circumstances where the complainant is of Russian -Ukranian controversy?*

(2) Can A Federal Agency coerce by intimidation to not comply to a consistent 10 years patterned expenses by federal employment guidance including pregnancy benefits to entitlements?

(3) When a taxpayer alleges inconsistency to taxpayers by race, religion and disability of being pregnant during a national pandemic [COVID-19], a lawsuit has no intentions to avoid burdens of tax liabilities. Therefore the Anti-Injunction Act does not preclude this suit.

## III. Statement of Claim

The Plaintiff-2 are from Russian – Ukranian habitations however are full registered citizens of this free United State of America. The plaintiffs file their taxes timely and the primary plaintiff has been employed by the Department of Defense regarding Veterans of Foreign War Assistance and Disability entitlements. The Plaintiffs employer assigns her to telework salary and minimal reimbursement expenses. The DOD does not offer vehicles housing food travel reimbursements regarding the fulfillment of employment. Plaintiff -1, John Williams has always filed consistent with the Internal Revenue Code Compliance. Therefore the taxpayer fiduciary relationship to translate tax filing compliance always reported work from home expenses *before the 2018 Trump bully tactic of profiling a work from home employee qualification was inherited with clear intimidation to STOP FRAUD FILING.* Plaintiffs are not supposed to be categorized with the millions of taxpayers who attempt to deceive tax law and tax consequences. Effective 2018, *the* Form 2106 Work from home categories are very minimal and purposely designed to disqualify many candidates who still should be permitted to report home expenses. The Brookhaven – IRS examination branch of code enforcement is *improperly profiling the plaintiffs who have established a consistent pattern of filing.* To the plaintiffs harm, the Holtsville office has decided to disqualify a Federal Standard of Compliance to intimidate and improperly influence a taxpayer and registered voter to amend a expense calculation that is purposeful and credible by bank records already submitted.

Scanned with CamScanner

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Holtsville still denies such expense reportings which is contrary to their own rules from pre 2017 and post 2017 tax filings. The Plaintiff tax preparer is harmed by this *slanderous conduct founded in Holtsville examination tactics. We are going to sue for damages due to slander in a very compatible and post covid untrustworthy society.* The lead taxpayer conjunctively believes there is an *ulterior motive to illegally persuade the Russian and Ukrainian habitants to change their filings involuntary.* **ALL PLAINTIFFS DISAGREE AND SEEK MORE THAN THE $60 TAX COURT MEDIATION.** We attach supporting documentation showing inconsistency and bias when the plaintiffs truthfully show fee based filing compliance and impairment related work expenses when pregnancy exists.

IV.    **Irreparable Injury**

The plaintiffs received these improper notices of deficiencies during our countries worst Mental Physical Social and Natural Quarantines' since Polio. This selective audit is rather a Racial Profiling pursuit against a European born U.S. citizen with Dept of Homeland Securities open records to improperly harass a taxpayer because they are from U.S.S.R. This conduct must be entertained and investigated impartially. The plaintiffs believes bias and abuse of Federal power is the *'fuse to audit'* instead of those citizens who DON'T FILE TAXES, DON'T PAY TAXES, COMMIT IDENTITY THEFT TO WORK IN THE USA, SECRETLY WORK FOR HIGHER LEVEL OFFICIALS WITH ALIEN STATUS TO CUT DOWN THE AMERICAN WHO DO PAY TAXES INCLUDING VETERANS WHO DIE FOR THE SAKE OF usa FLAG FREEDOM AND LIBERTY AND MOST IMPORTANTLY 'JUSTICE FOR ALL'. **PLAINTIFFS SLANDEROUS CLAIMS AND RACIAL PROFILING MUST BE INTERVIEWED BY THE BROOKHAVEN EMPLOYEES WHO APPEAR TO NOT HAVE A STABLE WORKFORCE TO REPLY. THAT'S WHY AUST BRANCH MUST DISSOLVE THESE HEINOUS ALLEGATIONS IN THEIR TOTALITY.**

V.    Relief. **The plaintiffs are not interested in monetary or sanctions, but to no longer be accused of improper annual tax filing or to be coerced to change a expense report clearly congruent to the employment expense reports.**

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 04/24/2022

Signature of Plaintiff: *Natalia Lathrop*
Printed Name of Plaintiff: Natalia Lathrop

Signature of Plaintiff-2: *Mihail Tofan*
Mihail Tofan

### B. PLAINTIFFS APPEAR AS JOINT PRO SE.

Scanned with CamScanner